IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:17-CV-15-BR

| | | |
|---|---|---|
| MERZ NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VIVEVE MEDICAL INC., VIVEVE, INC., | ) | |
| SEAN SHAPIRO, and TRACY ANDORA, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the emergency motion filed by plaintiff Merz North America, Inc. ("plaintiff") (D.E. 10) for an order allowing it to take expedited discovery prior to conducting a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and an order requiring the preservation of evidence by defendants. For the reasons set forth below, the motion will be allowed in part and denied in part.

## BACKGROUND

In its complaint, plaintiff alleges that its former sales executives, defendants Sean Shapiro ("Shapiro") and Tracy Andora ("Andora"), signed nondisclosure and nonsolicitation agreements as a condition of employment with plaintiff. *See* Compl. (D.E. 1) ¶¶ 5, 7. Shapiro and Andora voluntarily resigned from employment with plaintiff and joined defendant Viveve, Inc. ("Viveve") in its sales leadership team. *Id.* ¶¶ 37, 41. Plaintiff alleges that Viveve, with Shapiro and Andora's assistance, has unfairly used knowledge and information about plaintiff's customer relationships for the benefit of Viveve and defendant Viveve Medical, Inc.[1] ("Viveve Medical"). *Id.* ¶¶ 43, 44. Plaintiff further contends that Viveve continues to interfere with plaintiff's

---

[1] Viveve is alleged to be a wholly owned subsidiary of Viveve Medical. Compl. ¶ 3.

contractual and business relations by soliciting and hiring plaintiff's employees. *Id.* ¶ 51. Plaintiff asserts claims for breach of contract against Shapiro and Andora (*id.* ¶¶ 56-62); misappropriation and/or threatened disclosure of trade secrets against all defendants (*id.* ¶¶ 63-70); tortious interference with contractual relations against Viveve and Viveve Medical (*id.* ¶¶ 71-77); and unfair trade practices against all defendants (*id.* ¶¶ 78-84).

Plaintiff has moved for a temporary restraining order ("TRO") (D.E. 3) prohibiting Shapiro and Andora from soliciting its employees or using its confidential, trade secret, and business information, and preventing Viveve and Viveve Medical from assisting any such breaches and utilizing unfair practices to recruit Merz employees. No hearing on the motion for a TRO has been scheduled.

In the instant motion, plaintiff seeks leave to serve eight expedited requests for production of documents (D.E. 10-1) and two expedited interrogatories (D.E. 10-2) on each Shapiro and Andora, and seven expedited requests for production of documents (D.E. 10-3) and one expedited interrogatory (D.E. 10-4) on Viveve. Plaintiff requests that defendants be directed to respond to the discovery requests within five business days of service. It also seeks a directive requiring all defendants to preserve evidence relevant to the subject matter of the complaint and to prohibit all defendants from using, accessing, tampering with, or destroying any documents relating to Viveve or other Merz employees. Defendants, who appeared through counsel after the motion was filed, have filed a memorandum (D.E. 22) in opposition to the motion.[2]

---

[2] Vivere states that it is appearing solely to oppose plaintiff's motion and "reserves any and all defenses, objections and exceptions, and nothing in this [memorandum] shall be interpreted or construed as a waiver of its right to assert any defenses, including, . . . the Court's lack of personal jurisdiction over Viveve." Defs.' Mem. 1 n.1.

## DISCUSSION

Generally, discovery is not permitted until after the parties have conferred pursuant to Rule 26(f). Fed. R. Civ. P. 26(d)(1). However, the court has discretion to alter the timing and sequence of discovery. *Id.* While the Federal Rules of Civil Procedure do not set forth the standard to be applied in assessing a motion for expedited discovery, courts typically apply either a reasonableness or good cause test taking into account the totality of the circumstances, or a modified preliminary injunction test. *Gaming v. W.G. Yates & Sons Constr. Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. 16 June 2016); *Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15CV298, 2015 WL 2124211, at *1 (M.D.N.C. 6 May 2015).

This court agrees with the courts in this circuit that have applied the reasonableness or good cause standard to requests for expedited discovery. *See Gaming*, 2016 WL 3450829, at *3; *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. 30 June 2015); *Dimension Data N. Am., Inc. v. NetStar-1*, 226 F.R.D. 528, 531 (E.D.N.C. 2005). Factors that courts consider under this test include the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production. *Chryso*, 2015 WL 12600175, at *3. In any event, under either test, a party must show "a likelihood of irreparable harm without access to early discovery." *Lewis*, 2015 WL 2124211, at *2.

The court will examine separately each of the factors relating to plaintiff's request for expedited discovery. The court's discussion of the fourth factor, relating to the risk of spoliation of evidence, includes the court's analysis of plaintiff's separate request for a preservation order.

1.  **Procedural Posture**

Here, plaintiff seeks to conduct discovery prior to defendants filing answers in the case. As noted, plaintiff has filed a motion for a TRO, but no hearing is currently scheduled on that motion. Other courts have permitted expedited discovery in preparation for a hearing seeking injunctive relief. *See KBG Holding Corp. v. Union Bank*, 56 Fed. Appx. 111, 114 (4th Cir. 2003) ("The parties engaged in expedited discovery in preparation for the . . . hearings on the competing motions for preliminary injunction."). Because no hearing is currently scheduled, this factor weighs only slightly in favor of permitting expedited discovery. *Chryso*, 2015 WL 12600175, at \*3 ("The lack of a pending motion hearing distinguishes this case from many other cases regarding expedited discovery. Thus, if the court were to allow [plaintiff's] expedited discovery, there is the potential that the parties might engage in discovery in preparation for a preliminary injunction hearing that never occurs. Therefore, while the procedural posture of this case generally weighs in favor of granting [plaintiff's] Motion, it does so only slightly because of the uncertainty surrounding a potential preliminary injunction hearing."); *see also Dimension Data*, 232 F.R.D. at 532 (noting that expedited discovery was not warranted because no TRO or preliminary injunction hearing or determination was pending).

2.  **Scope of Discovery Requests**

As noted, in order to justify expedited discovery, the proposed discovery requests must be targeted or otherwise tailored to obtaining injunctive relief, and not simply be addressed to the

ultimate merits of plaintiff's claims. *See Nutrition & Fitness, Inc. v. Progressive EMU, Inc.*, 5:12-cv-192-F, 2012 WL 1478734, at *4 (E.D.N.C. 27 Apr. 2012) (finding expedited discovery appropriate but narrowing the requests from those sought by plaintiff); *Dimension Data*, 232 F.R.D. at 532 (denying expedited discovery requests that "could be more narrowly tailored to focus on information believed to be probative to the preliminary injunction analysis").

Here, the proposed requests for production are not narrowly tailored to the TRO motion,[3] but are sweeping in scope. The document requests to Shapiro and Andora seek every email, text, letter, or communication between the responding defendant and Viveve relating to his or her recruitment (Prod. Req. to Shapiro and Andora 1); every email, text, letter, or communication from 1 July 2016 to the present between the responding defendant and any current or former employee of plaintiff (Prod. Req. to Shapiro and Andora 2); every email, text, letter, or communication from 1 July 2016 to present between the responding defendant and any other individual relating to that individual's communications with any current or former employee of plaintiff (Prod. Req. to Shapiro and Andora 3); every email, text, letter, or communication between from 1 July 2016 to present between the responding defendant and any current or former customers of plaintiff relating to Viveve (Prod. Req. to Shapiro and Andora 4); every email, text, letter, or communication from 1 July 2016 to present between the responding defendant and any individual relating to the individual's communication with any current or former customers of plaintiff about Viveve (Prod. Req. to Shapiro and Andora 5); every email, text, letter, or communication from 1 July 2016 to present relating to subjects covered by or

---

[3] In order to be entitled to a TRO, a movant must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) the entry of injunctive relief is in the public interest. *Lilley v. Smith*, No. 5:16-CT-3216-FL, 2017 WL 1283698, at *1 (E.D.N.C. 5 Apr. 2017) (citing *Winter v. Natural Resource Def. Coun.*, 555 U.S. 7, 20 (2008)); *Campbell All. Grp., Inc. v. Dandekar*, No. 5:13-CV-00415-FL, 2014 WL 51241, at *3 (E.D.N.C. 7 Jan. 2014).

prohibited by the employment agreement (Prod. Req. to Shapiro and Andora 6); exact copies of all electronically stored information or documents containing confidential information of plaintiff (Prod. Req. to Shapiro and Andora 7); and "[a] forensic copy of any storage medium, device or facility, including, but not limited to, computers, scanning devices, ipads and electronic storage media such as hard drives, floppy disks, backup tapes, voice mail, or text messaging devices, and any email addresses in which you used, that is currently in your custody or control that may contain information that directly or indirectly refers to or mentions Merz, your recruitment to Viveve, or your direct or indirect solicitation of Merz employees to leave their employment" (Prod. Req. to Shapiro and Andora 8).

The proposed production requests to Viveve seek, in similar sweeping fashion, not only documents relating to efforts to recruit plaintiff's employees (Prod. Reqs. to Viveve 1, 2, 3) and referral of plaintiff's customers to Viveve (Prod. Req. to Viveve 4), but also "[d]ocuments reflecting the organization of Viveve's salesforce or marketing department and employees" (Prod. Req. to Viveve 6) and "[d]ocuments reflecting the names, titles, and previous employers of all sales and marketing employees of Viveve" (Prod. Req. to Viveve 7). The proposed interrogatory to Viveve is of comparable breadth. It seeks the "names, titles, and previous employers of all sales and marketing employees of Viveve hired, interviewed, or extended an offer by Viveve" from 1 July 2016 to the present. Interrog. to Viveve 1.

On the other hand, the two proposed interrogatories to Shapiro and Andora are narrower. They seek the names of every current or former employee of plaintiff with whom Shapiro and Andora have communicated about leaving employment with plaintiff and/or opportunities for employment with Viveve, and the name of each individual with whom Shapiro and Andora have

6

communicated since 1 July 2016 about that individual's communications with any current or former employee of plaintiff relating to that employee leaving employment with plaintiff and/or opportunities for employment with Viveve. Interrogs. to Shapiro and Andora 1, 2.

Plaintiff proposes that defendants be required to respond to the discovery requests within five business days of service. This period is, indeed, brief and potentially burdensome, particularly given the scope of the proposed discovery. In light of this and the other considerations noted, the factor of the scope of the discovery sought weighs in favor of the relief sought solely with respect to the interrogatories to Shapiro and Andora.

### 3. Irreparable Harm

As noted, in order to justify the relief sought by plaintiff, it must establish the existence of irreparable harm if expedited discovery is not permitted. Plaintiff contends that if expedited discovery is not issued immediately, plaintiff will be irreparably harmed by "the release and use of additional proprietary information, which could result in the continued raid of its salesforce." Pl.'s Mem. (D.E. 10) 7-8. It further argues that its business will be harmed if defendants are permitted to continue to obtain unfair competitive advantage by having access to plaintiff's employees, customers, sales, methods, strategies, and pricing.

The court finds that plaintiff has not demonstrated that the damages it alleges are unable to be quantified or that there exists a risk of complete loss to its business. *See Dimension Data*, 232 F.R.D. at 532 ("Assuming, *arguendo*, that plaintiff's allegations regarding breach of confidentiality agreements are correct and that plaintiff will prevail on the merits, the damage associated with such breach in the intervening time period can be readily calculated and awarded to plaintiff. Plaintiff has not otherwise alleged that its entire business will be irreparably

damaged or lost due to the actions of defendants in the intervening time period."). Accordingly, this factor does not favor the relief plaintiff seeks.

4. **Risk of Loss of Evidence**

Plaintiff contends that there is a risk that Shapiro, Andora, other employees of Viveve, and Viveve Medical will destroy relevant evidence in the absence of an order from the court requiring preservation. Although when the instant motion was filed no counsel had appeared for defendants, they have since appeared and acknowledge defendants' obligation to preserve documents relating to this case. *See* Defs.' Mem. 9-10. Moreover, plaintiff provides no evidence of any actual risk of spoliation of evidence. This factor therefore does not favor awarding the relief sought in plaintiff's motion.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's emergency motion (D.E. 9) is ALLOWED IN PART and DENIED IN PART on the terms set forth below.

2. Plaintiff is permitted to serve on Shaprio and Andora its proposed interrogatories to them by 12 May 2017. Shapiro and Andora shall serve their responses to the interrogatories in accordance with Fed. R. Civ. P. 33(b) within seven days of service, provided that they may not object to the interrogatories on the grounds that the information sought is not relevant or overbroad.

3. Plaintiff's request to serve prior to the Rule 26(f) conference its remaining proposed discovery requests is denied without prejudice.

4. Except as provided by further order of the court, the Federal Rules of Civil Procedure, or written stipulation of the parties, the parties may not engage in discovery in this action beyond that expressly permitted herein prior to the conduct of a Rule 26(f) conference.

SO ORDERED, this 5th day of May 2017.

James E. Gates
United States Magistrate Judge