UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:17-CV-00015-BR

| | |
|---|---|
| MERZ NORTH AMERICA, INC., )  ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| VIVEVE MEDICAL, INC., VIVEVE, INC.,) SEAN SHAPIRO, and TRACY ANDORA, ) ) | |
| Defendants. ) | |

This matter is before the court on plaintiff Merz North America, Inc.'s ("Merz") motion for a temporary restraining order ("TRO"). (DE # 3.) Also before the court is the motion to dismiss filed by defendants Viveve Medical, Inc. ("Viveve Medical"), Viveve, Inc. ("Viveve"), Sean Shapiro, and Tracy Andora (collectively "defendants"). (DE # 25.) The motions raised have been fully briefed and are ripe for disposition.

## I. FACTS

Merz and Viveve are competing purveyors of aesthetic devices and products. Ulthera, Inc.,—the predecessor in interest to Merz—developed a skin lifting process named Ulthera®, which uses ultrasound energy to lift and tighten skin naturally and without surgery. (Am. Compl., DE # 36, ¶ 12.) Viveve is a wholly-owned subsidiary of Viveve Medical. (Id. ¶ 2.) According to Merz, Viveve markets and sells devices and products that are similar to Ulthera® to the same end users—plastic surgeons and dermatologists. (Id. ¶¶ 33-34.)

Shapiro and Andora were both employed in sales leadership positions by Ulthera, Inc. (Id. ¶¶ 4, 6.) In June 2015, before taking sales leadership positions with Merz, Shapiro and Andora both signed an Employee Nondisclosure and Nonsolicitation Agreement ("Agreement")

as a condition of employment. (See id., Ex. A, DE # 36-1; Ex. B., DE # 36-2.) The Agreement provided that Shapiro and Andora would not disclose Merz's proprietary, confidential or trade secret information. (See id., Ex. A., DE # 36-1, at 2; Ex. B, DE # 36-2, at 2.) By signing the Agreement, Shapiro and Andora agreed that they would not solicit Merz's employees or interfere with its business relationships, including those with its customers for one year after the termination of their employment with Merz. (See id., Ex. A., DE # 36-1, at 3; Ex. B, DE # 36-2, at 3.)

After signing the Agreement, Shapiro was employed by Merz as an Area Sales Director and then as National Sales Director for Merz's Aesthetic Devices business unit from June 2015 until September 2016. (Am. Compl., DE # 36, ¶ 4.) Shapiro resigned from Merz in September 2016, when he began working for Viveve as its Vice President of Sales. (Id. ¶ 37.) After Shapiro's resignation, Andora, a Regional Sales Director who Shapiro had supervised, resigned on 2 December 2016 to join Viveve in a sales leadership role. (Id. ¶¶ 6, 46.) Merz alleges that, since their departures, Viveve, with Shapiro's and Andora's help, has solicited and hired at least five other Merz sales and marketing employees. (Id. ¶ 48.) Merz claims that all of these employees had valuable customer relationships and specialized skills in the aesthetics industry, and all had signed similar contractual restrictions as Shapiro and Andora. (Id. ¶ 49.)

On 14 April 2017, Merz filed a complaint alleging breach of contract, and asserting claims for misappropriation of confidential information and trade secrets, tortious interference with contractual relationships with customers and former employees, and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 et seq. (DE # 1.) In connection with the complaint, Merz contemporaneously filed a motion for a TRO

"against [d]efendants to stop their continued raiding of Merz's salesforce in violation of the agreements between [d]efendants Sean Shapiro and Tracy Andora and Merz." (DE # 3, at 1.)

On 9 May 2017, defendants filed a motion to dismiss the complaint. (DE # 25.) Merz filed a response in opposition to defendant's motion to dismiss on 30 May 2017. (DE # 37.) That same day, Merz also filed an amended complaint, in which it included additional allegations regarding Viveve's recruiting and hiring practices. (DE # 36.)

## II. ANALYSIS

### I. Motion for a TRO

Merz moves for entry of a temporary restraining order directing Shapiro and Andora to comply with the Agreement and restraining Viveve and Viveve Medical from interfering with its employee relationships and facilitating further breaches of the Agreement. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). To obtain a temporary restraining order, a movant must establish the following: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

In support of its motion for a TRO, Merz relies upon the allegations in its original complaint. (See Pl.'s Mem. Supp. Mot. for TRO, DE # 4, at 3 n.1 ("Merz hereby incorporates its Complaint, attached as Exhibit 1.").) Merz's amended complaint, however, supersedes the

previous complaint and any other document filed by Merz that purports to include the allegations within. See Young v. City of Mount Ranier, 238 F.3d 567, 572-573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Maloney v. Ryan, No. CV13-00314-PHX-RCB(BSB), 2013 WL 3282324, at * 2 (D. Ariz. June 28, 2013) (finding that plaintiff's motion for a temporary restraining order was mooted by the filing of the amended complaint, and noting plaintiff's original complaint could not form the basis for his pending TRO motion seeking relief solely related to the original complaint). Therefore, the court finds that Merz's motion for a TRO has been rendered moot because it relates to claims stated in plaintiff's original complaint, which no longer serves any function in this case.

## II. Motion to Dismiss

Defendants move to dismiss Merz's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(7). (DE # 25.) As with Merz's motion for a TRO, defendants' motion to dismiss relates to Merz's original complaint, which it has since amended. An amended complaint generally supersedes the original complaint in its entirety. See Young, 238 F.3d at 573. Accordingly, defendants' motion to dismiss the original complaint is now moot.

## III. CONCLUSION

For the foregoing reasons, Merz's motion for a temporary restraining order is DENIED as moot. Defendants' motion to dismiss the original complaint is also DENIED as moot.

This 12 July 2017.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge